The opinion of the court was delivered by
Brbaxjx, J.
The causes of the fatal accidents, whereby three nren lost their lives, while at work, in demolishing the exposition buildings in this city, are fully recounted in two cases decided by this court.
The first case, that of Mrs. John Faren vs. T. J. Sellers, 39 An. 1011, is similar in many respects to the case at bar.
John Faren, whose death gave cause for this suit, met his death two days before-Oasey and-Pollieh fell.
In the case of Faren, the injury was occasioned by the fall of a purline, which slipped from its support and precipitated him some seventy-five feet to the ground-
The defect ivas not patent. It was therefore held that he had not assumed the risk incident to the service.
In the case of Óasey, reported in 41 An. 500, the injury was occasioned by the falling of a row of trusses under which he was working.
*625 The building had been stripped to the danger point; the purlines or rafters had been taken down; the skeleton of the structure remained.
In this case the accident was occasioned by the falling of the timbers that killed Casey, at the same time .that it occasioned the death of -Pollich.
The status and the extent of defendants’ fault are established.
Only the question of contributory negligence is to be settled at this time.
Complete statement of the facts having been made in the decisions reported, it only remains necessary to state those not proven in those eases.
The deceased was working on the loft of the building, taking down the trusses, on the 13th of August, 1886.
Lynch his employer, who had contracted with the defendants to take down what remained standing, of the main building and the government building, in the prosecution of his work had advanced a derrick to the trusses and had commenced taking down from Magazine street toward St. Charles street.
The derrick was made secure by wire guys. Those on the side of the building were placed under the trusses. They extended from near the top of the derrick to the ground, and were made secure below at a point under the trusses known to be insecurely attached to the building.
A row of trusses fell; one of them fell upon the guys which held the derrick in place. They had been so weakened by the stripping of the building that they fell of their weight, without the least touch.
The span nearest to the derrick was attached and swung to it, and was about to be lowered to the ground.
While the span or truss was so attached and swung to the derrick, one of the inside trusses suddenly fell, carrying down other trusses, one of which fell on the guys which held the derrick in position and carrying down with the derrick the span attached and which was about to be lowered to the ground.
At the time the derrick fell, Pollich was standing on the truss which was swung to it. The fall carried him down and was the occasion of his death.
The dangerous condition of the building and the danger incident to the work of demolishing it,at that particular time,are settled questions.
*626 It only remains fio be ascertained whether the fall of the trusses on the wire guys and the consequent fall of the derrick were accidents which the deceased by ordinary care could have foreseen and Which he might have avoided.
In Casey’s case this court has decided, that he (Casey) might, by the exercise of ordinary care, have avoided the consequence of defendant’s negligence, and that he, by his own act, contributed to the injury.
In the case at bar the danger was more imminent and apparent.
Casey was below at work when the trusses fell upon him.
Pollich at the time was aloft in a position which at once suggests imminent peril.
There was fatality in the imprudence of trusting his weight on a derrick secured by wire guys placed under insecure trusses, of an unsafe building at an elevation of seventy-five feet from the ground.
After the first fatal accident, which had resulted in the death of Paren, two of the men left the work. They refused to expose themselves longer to the threatening danger.
It had been discussed; the men wefe warned. Pollich had been at work about three weeks. The large structure had been made quite unsafe by stripping.
It was the part of an ordinarily prudent man to take needful precaution at every step of the work.
In continuing he assumed a risk of which he was informed or of which he would have been informed had he given himself the concern required by ordinary prudence.
He must have known of the defect and danger.
It is held that the servant, by remaining in the master’s employment after discovery of the defect or after knowledge, is deemed to have assumed the risks incident to the service and to have waived any claims for damages in case of injury. Whitaker’s Smith on Negligence (note) p. 397.
The causal connection between the employer’s negligence and the injury is broken, at the time the danger becomes so plain, that a person of ordinary care would not assume the risk of continuing to work at the place of danger.
Judgment affirmed.